**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| **FELIX GARCIA, on Behalf of Himself and on Behalf of All Others Similarly Situated,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. : 4:19-cv-5** |
| **V.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **WILLOW CREEK COMPANIES, LLC** | § | |
| **Defendant.** | § | |
| | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**COLLECTIVE ACTION & JURY DEMAND**

1. Defendant Willow Creek Companies, Inc. ("Defendant") required Felix Garcia ("Plaintiff") to work more than forty hours in a workweek without overtime compensation. That is, Defendant did not pay Plaintiff for all hours worked. Defendant also miscalculated Plaintiff's overtime rate by failing to include additional day compensation into the regular rate of pay for purposes of calculating overtime. Defendant's actions constitute a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rates of pay. *See* 29 U.S.C. § 207(a). On behalf of himself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "**FLSA Collective Class Members**."

## I. SUBJECT MATTER JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District because Defendant does a sizeable portion of its business in this District, and many of the wrongs herein alleged occurred in this District.

## II. PARTIES AND PERSONAL JURISDICTION

5. Plaintiff Felix Garcia is an individual residing in Starr County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit "A." Plaintiff performed work for Defendant within the last three years for which he did not receive the FLSA's required overtime.

6. The **FLSA Collective Class Members** are all current and former employees who received a day compensation called by Defendant a "per diem" but were also compensated for travel and lodging and that worked for Defendant throughout the United States at any time during the three-year period before the filing of this Complaint to present.

7. Defendant Willow Creek Companies, LLC is a corporation organized under the laws of Colorado. Defendant may be served process through its registered agent CT Corporation at 1999 Bryan St. Ste. 900 Dallas, TX 75201.

8. This Court has personal jurisdiction over Defendant because Defendant purposefully availed itself of the privileges of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

9. Defendant had and continues to have continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over it. Specifically, Defendant conducts and/or conducted business in Texas.

10. Defendant does extensive business in this District.

11. Defendant hires citizens of the state of Texas, contracts with companies in Texas, and owns or rents property in Texas. As such, the exercise of personal jurisdiction over Defendant comports with due process.

12. Plaintiff and class members performed work in this judicial district, were paid unlawfully by Defendant pursuant to work performed in this district and/or were hired out of this district.

13. This cause of action arose from or relates to the contacts of Defendant with Texas residents, thereby conferring specific jurisdiction over Defendant.

## III. COVERAGE

14. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

15. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

16. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

17. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

18. At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 207.

19. Plaintiff is entitled to protection under the Fair Labor Standards Act.

## IV. FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

20. Defendant Willow Creek Companies, LLC., is primarily engaged in the construction, replacement and repair of natural gas pipelines, crude oil pipelines, storage facilities and civil site work.

21. Defendant has operations in Colorado, Utah, Wyoming, North Dakota, New Mexico, and Texas.

22. Defendant's corporate headquarters is located at 28485 Highway 6 Unit 4, Rifle, CO 81650.

23. Russell Fowles is the owner and CEO of Defendant.

24. Plaintiff worked for Defendant under the job title of safety professional.

25. Regardless of Defendant's job titles, Plaintiff performed inspection work for Defendant.

26. Plaintiff was an inspector while working for Defendant.

27. Plaintiff's job consisted of daily audits of job safety analysis, inspections of equipment, confirming all permits were in order, confirming operators were certified to use machines, and verifying that equipment was in working order.

28. Plaintiff worked for Defendant from approximately June 5, 2018 to approximately August 19, 2018.

29. Defendant classified Plaintiff as an employee.

30. Defendant paid Plaintiff an hourly rate.

31. Defendant paid Plaintiff an hourly rate and a daily compensation Defendant classified as "per diem."

32. Defendant paid Plaintiff an hourly rate and an approximately $160.00 payment per day.

33. Defendant provided Plaintiff with a company vehicle and gas card.

34. Defendant paid for Plaintiff's housing.

35. Accordingly, the daily compensation on top of Plaintiff's hourly rate was not a reimbursement.

36. As an inspector, Plaintiff was responsible for observing the completion of pipeline installation by Defendant's customers to ensure that such work conformed to industry safety standards.

37. For his labor, Defendant paid Plaintiff an hourly rate plus a day rate that it did not include in the regular rate of pay for purposes of calculating overtime.

38. The amount of daily compensation received by Plaintiff (called by Defendant a per diem) was nondiscretionary.

39. Plaintiff received a daily compensation of approximately $160 per day on top of his hourly rate every day that Plaintiff worked for Defendant.

40. Plaintiff is a non-exempt employee.

41. Defendant paid other safety professionals classified as employees throughout the United States on the same hourly and daily compensation system as Plaintiff.

42. Defendant paid other employees with the same job title as Plaintiff what Defendant calls daily "per diem."

43. In the last three years, Defendant has employed other employees with a similar job title as Plaintiff in the following nonexclusive list of states:

a. Texas;

b. Colorado;

c. Utah;

d. Wyoming;

e. New Mexico; and

f. North Dakota.

44. Plaintiff and other safety professionals commonly work in excess of 12 hours each day.

45. The work of a safety professionals is akin to that of an inspector.

46. Safety professionals usually work five to seven days each week, for a schedule that equates into workweeks well exceeding 40 hours.

47. Plaintiff typically worked five to seven days a week at twelve to fifteen hours per day.

48. However, despite working overtime hours, Defendant does not pay its safety professionals for all hours worked. That is Plaintiff and other safety professionals had to arrive at the office prior to or after their shifts in order to load up with equipment. The time spent going to and from the office before and after their shift was not compensated by Defendant.

49. Moreover, when Plaintiff arrived at the man camp where he and the other workers were staying during the duration of the job, he was required to load and unload personal protective equipment and perform other work-related tasks which were not compensated.

50. Defendant failed to pay Plaintiff for all hours worked.

51. Defendant failed to pay Plaintiff at the federally mandated overtime rate by failing to include nondiscretionary pay.

52. No exemption in the FLSA shelters Defendant from paying overtime to its inspectors.

53. Other employees with the same job title as Plaintiff were likewise not paid at the correct overtime rate when Defendant failed to include the daily compensation to the calculation of overtime.

54. Other employees with the same job title as Plaintiff were likewise given company vehicles, gas cards, and had their housing paid for by Defendant.

55. Other employees with the same job title as Plaintiff were required to perform work before and after their shift for which they were not compensated for.

56. Other employees with the same job title as plaintiff employed by Defendant in the three years prior to the filing of this lawsuit performed work for which they were not compensated for.

57. Other employees with the same job title as plaintiff employed by Defendant in the three years prior to the filing of this lawsuit were paid a daily compensation (which Defendant calls a per diem) on top of their hourly rate, but the daily compensation was not used to calculate their overtime rate of pay.

58. Other employees with the same job title as plaintiff employed by Defendant in the three years prior to the filing of this lawsuit were paid a daily compensation (which Defendant calls a per diem) on top of their hourly rate, and the daily compensation was not included in the regular rate of pay for purposes of calculating overtime.

59. Other employees with the same job title as plaintiff employed by Defendant in the three years prior to the filing of this lawsuit worked over forty hours in at least two work weeks.

60. Safety professionals are paid on an hourly basis, not on a salary basis.

61. Plaintiff was paid on an hourly basis, not on a salary basis.

62. Plaintiff was not paid time-and-a-half for all hours worked over forty in a given workweek.

63. Plaintiff worked overtime as defined in the FLSA.

64. Other safety professionals employed by Defendant worked overtime as defined in the FLSA.

65. Because safety professionals are paid on an hourly basis, the executive, administrative, or professional exemptions cannot apply. *See* 29 C.F.R. §§ 541.100, 541.200, 541.300.

66. Safety professionals do not supervise other employees or manage a customarily recognized department of Defendant's company.

67. Safety professionals have no authority to hire or fire other employees.

68. Safety professionals are field employees, not office employees. They perform work related to Defendant's core business, not the management of the company's operations.

69. Safety professionals also perform extensive physical labor to perform their work, including working outdoors for hours on end, wearing protective clothing, and walking miles a day.

70. Plaintiff and Class Members are all blue collar workers who are primarily engaged in manual labor duties.

71. Plaintiff's work required the utilization of techniques and procedures obtained primarily from industry manuals, standards and codes. *See* 29 C.F.R. § 541.203(g). Plaintiff observed other safety professionals utilizing similar techniques and procedures in the performance of their jobs.

72. The primary duty of a safety professionals does not require independent judgment or discretion. Instead, safety professionals are required to carry out their work according to detailed step-by-step procedures promulgated by Defendant or Defendant's customers.

73. Safety professionals are essentially inspectors.

74. The FLSA's regulations provide that inspection work is non-exempt work:

> Ordinary inspection work generally does not meet the duties requirements for the administrative exemption. Inspectors normally perform specialized work along standardized lines involving well-established techniques and procedures which may have been catalogued and described in manuals and other sources. Such inspectors rely on techniques and skills acquired by special training or experience. They have some leeway in the performance of their work but only within closely prescribed limits.

29 C.F.R. 541.203(g).

75. Plaintiff worked within the closely prescribed limits provided by CIS. *See* 29 C.F.R. § 541.203(g). Plaintiff observed other safety professionals/inspectors working in the same or substantially similar manner.

76. Safety professionals/inspectors are not computer-systems analysts, computer programmers, software engineers, or other similar employees.

77. Despite these facts, Defendant failed to pay its safety professionals for all hours worked and miscalculated their overtime rate of pay.

78. As a result of Defendant's pay policies, Plaintiff and other safety professionals were denied overtime pay.

79. Defendant knew, or showed reckless disregard for whether Plaintiff and the other safety professionals were entitled to overtime pay under the law.

80. During the entire relevant time period, Defendant was aware that members of the Class were not properly compensated under the FLSA, because they were requested to work before

and after their shift but were not compensated for that time. Also, Defendant was aware that members of the Class were not properly compensated under the FLSA because the day rate payment it masked as per diem was not considered reimbursement for any out of pocket expenses.

81. Defendant's misclassification was not by accident, but a well thought out scheme to reduce its labor costs. Accordingly, Defendant's violations of the FLSA were willful. Defendant's conduct was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

## V. COUNT ONE: VIOLATION OF 29 U.S.C. § 207

82. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

83. Defendant's practice of failing to pay Plaintiff and FLSA Collective Class Members time-and-a-half for all hours worked in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

84. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant, Plaintiff, or the FLSA Collective Class Members.

## VI. COLLECTIVE ACTION ALLEGATIONS

85. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

86. Plaintiff has actual knowledge that FLSA Collective Class Members have also been denied overtime pay for hours worked over forty (40) hours in a workweek as a result of Defendant's pay practices of failing to pay for all hours worked and miscalculating the overtime rate.

87. Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant. Plaintiff personally knows of other safety professionals under the same compensation structure at multiple job sites for Defendant.

88. Other workers similarly situated to the Plaintiff worked for Defendant throughout the United States but were not paid overtime at the rate of one and one-half their regular rates of pay when those hours exceeded forty (40) hours in a workweek.

89. Although Defendant permitted and/or required FLSA Collective Class Members to work in excess of forty (40) hours in a workweek, Defendant denied them full compensation for their hours worked over forty (40).

90. FLSA Collective Class Members perform or have performed the same or similar work as Plaintiff and were not paid for their overtime hours worked Defendant.

91. FLSA Collective Class Members perform or have performed the same or similar work as Plaintiff and were not paid at the correct overtime rate because Defendant failed to include the day rate it calls per diem into the regular rate of pay for purposes of calculating overtime.

92. Plaintiff had the same job duties as other employees of Defendant who had the same job title as Plaintiff and worked for Defendant at any time during the three years prior to the filing of this lawsuit.

93. FLSA Collective Class Members are not exempt from receiving overtime pay under the FLSA.

94. As such, FLSA Collective Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, and the denial of overtime pay.

95. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of any FLSA Collective Class Member.

96. Defendant employed at least 10 other safety professionals within the last 3 years who were paid hourly and a day rate (called by Defendant a per diem).

97. Defendant employed at least 40 other safety professionals within the last 3 years who were paid hourly and a day rate (called by Defendant a per diem).

98. Defendant employed at least 50 other safety professionals with the same job title as Plaintiff who worked overtime for at least one week during their employment with Defendant and were not paid one and one-half times their regular rate of pay for all overtime hours worked.

99. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of the FLSA Collective Class Members.

100. The specific job titles or precise job responsibilities of each FLSA Collective Class Member does not prevent collective treatment.

101. All FLSA Collective Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) in a workweek.

102. Although the exact amount of damages may vary among the FLSA Collective Class Members, the damages for the FLSA Collective Class Members can be easily calculated by a simple formula. The claims of all FLSA Collective Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Collective Class Members.

103. As such, the class of similarly situated plaintiffs for the **FLSA Collective Class** is properly defined as follows:

> All current and former safety professionals, and all employees in substantially similar positions and/or with similar job titles, that worked for Defendant throughout the United States at any time during the three-year period before the filing of this Complaint to present that were paid an hourly rate and a daily compensation called by Defendant a per diem.

104. The similarly situated employees are known to Defendant, are readily identifiable, and may be located through Defendant's records, as well as the records of any payroll companies that Defendant utilizes. Defendant employs many FLSA Collective Members throughout the United States. These similarly situated employees may be readily notified of this action through direct U.S. mail, text message, email, and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

## VII. DAMAGES SOUGHT

105. Plaintiff and the FLSA Class Members are entitled to recover their unpaid overtime compensation. 29 U.S.C. §§ 207, 216.

106. Plaintiff and the FLSA Class Members are entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

107. Plaintiff and the FLSA Class Members are entitled to recover attorney's fees and costs. 29 U.S.C. § 216(b).

## VIII. JURY DEMAND

108. Plaintiff and Class Members hereby demand trial by jury on all issues.

## PRAYER

109. For these reasons, Plaintiff prays for:

a. An order designating the FLSA Collective Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all safety professionals and all similarly situated employees to permit them to join this action by filing a written notice of consent;

b. A judgment against Defendant awarding Plaintiff and the FLSA Collective Class Members Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

c. A judgment against Defendant for Liquidated damages in an amount equal to unpaid overtime as allowed under the FLSA;

d. An order awarding attorneys' fees and costs as provided by the FLSA; and

e. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Beatriz Sosa-Morris*
Beatriz-Sosa Morris
SOSA-MORRIS NEUMAN, PLLC
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS